# EXHIBIT "A"

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-----------------------------------------------------------------X
JINZHU LI,

                            *Plaintiff*,

          -against-

BIGBEAR TRUCKING CORP.,

                          *Defendant(s)*.
-----------------------------------------------------------------X

Index No.: 701307/21

**NOTICE OF ELECTRONIC FILING**
**(Mandatory Case)**
(Uniform Rule § 202.5-bb)

You have received this Notice because:

    1) The Plaintiff/Petitioner, whose name is listed above, has filed this case using the New York State Courts E-filing system ("NYSCEF"), and

    2) You are a Defendant/Respondent (a party) in this case.

- **If you are represented by an attorney**:
  Give this Notice to your attorney. (<u>Attorneys</u>: see "Information for Attorneys" pg. 2).

- **If you are not represented by an attorney**:
  **You will be served with all documents in paper and you must serve and file your documents in paper, unless you choose to participate in e-filing.**

  **If you choose to participate in e-filing, you <u>must</u> have access to a computer and a scanner or other device to convert documents into electronic format, a connection to the internet, and an e-mail address to receive service of documents.**

  The **benefits of participating** in e-filing include:

    - serving and filing your documents electronically
    - free access to view and print your e-filed documents
    - limiting your number of trips to the courthouse
    - paying any court fees on-line (credit card needed)

**To register for e-filing or for more information about how e-filing works:**

- visit: www.nycourts.gov/efile-unrepresented or
- contact the Clerk's Office or Help Center at the court where the case was filed. Court contact information can be found at www.nycourts.gov Page 1 of 2 EFM-1 To find legal information to help you represent yourself visit www.nycourthelp.gov

## Information for Attorneys
## (E-filing Commencement Documents is Mandatory)

Attorneys representing a party must either consent or decline consent to electronic filing and service through NYSCEF for this case.

Attorneys registered with NYSCEF may record their consent electronically in the manner provided at the NYSCEF site. Attorneys not registered with NYSCEF but intending to participate in e-filing must first create a NYSCEF account and obtain a user ID and password prior to recording their consent by going to www.nycourts.gov/efile.

Attorneys declining to consent must file with the court and serve on all parties of record a declination of consent.

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: efile@nycourts.gov).

Dated: New York, New York
January 19, 2021

_____           14 Wall Street, Suite 1603_____
Signature                                 Address

RONALD H. ROTH_____             New York, New York 10005_____
Name

ROTH & KHALIFE, LLP_____           212-608-3015_____
Firm Name                                 Telephone

                                          ek@rothandkhalife.com_____
                                          E-mail

To:

BIGBEAR TRUCKING CORP.
*Defendant*

16961 Gale Avenue
Industry, CA 91745

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-----------------------------------------------------------X
JINZHU LI,

                *Plaintiff*,

-against-

BIGBEAR TRUCKING CORP.,

                *Defendant(s)*.
-----------------------------------------------------------X

**SUMMONS**

Index No.: 701307/21
Date Filed: 1/20/21

**Plaintiff designates
Queens County
as the place of trial.[1]**

To the above-named Defendant(s):

    **YOU ARE HEREBY SUMMONED** to answer the Complaint in this action and to serve a copy of your answer, or, if the Complaint is not served with this Summons, to serve a Notice of Appearance, on Plaintiff's attorney(s) within twenty (20) days after the service of this Summons, exclusive of the day of service [or within thirty (30) days after the service is complete if this summons is not personally delivered to you within the State of New York]; and in the case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the Complaint.

Dated:     New York, New York
              January 19, 2021

                                          Yours, etc.,

                                          ROTH & KHALIFE, LLP,

                        By:

                                          RONALD H. ROTH, ESQ.,
                                          *Attorney for Plaintiff(s)*
                                          14 Wall Street, Suite 1603
                                          New York, New York 10005
                                          Telephone: 212-608-3015
                                          Facsimile: 212-208-2177

---

[1] Plaintiff resides in the County of Queens, State of New York.

To:

BIGBEAR TRUCKING CORP.
*Defendant*
16961 Gale Avenue
Industry, CA 91745

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-----------------------------------------------------------X
JINZHU LI,

                *Plaintiff*,

-against-

BIGBEAR TRUCKING CORP.,

                *Defendant(s)*.
-----------------------------------------------------------X

**COMPLAINT**

Index No.: 701307/21

Plaintiff(s), by his/her/their attorney(s), ROTH & KHALIFE, LLP, as and for a Complaint, respectfully sets forth and alleges the following, upon information and belief:

## COMMON ALLEGATIONS

1. That, at all times hereinafter mentioned, Plaintiff was and still is a resident of the County of Queens, State of New York.

2. That, at all times hereinafter mentioned, Defendant BIGBEAR TRUCKING CORP. was and still is a resident of the State of California.

3. That, at all times hereinafter mentioned, Defendant BIGBEAR TRUCKING CORP. maintained its principal office in the State of California.

4. That, at all times hereinafter mentioned, Defendant BIGBEAR TRUCKING CORP. owned real property in the State of California.

5. That, at all times hereinafter mentioned, Defendant BIGBEAR TRUCKING CORP. was and still is a resident of the State of New Jersey.

6. That, at all times hereinafter mentioned, Defendant BIGBEAR TRUCKING CORP. maintained its principal office in the State of New Jersey.

7. That, at all times hereinafter mentioned, Defendant BIGBEAR TRUCKING CORP. owned real property in the State of New Jersey.

8. That, at all times hereinafter mentioned, Defendant BIGBEAR TRUCKING CORP. was and still is a resident of the State of New York.

9. That, at all times hereinafter mentioned, Defendant BIGBEAR TRUCKING CORP. maintained its principal office in the State of New York.

10. That, at all times hereinafter mentioned, Defendant BIGBEAR TRUCKING CORP. transacts business within the State of New York.

11. That, at all times hereinafter mentioned, Defendant BIGBEAR TRUCKING CORP. contracts to supply goods and/or services in the State of New York.

12. That, at all times hereinafter mentioned, Defendant BIGBEAR TRUCKING CORP. regularly does or solicits business in the State of New York.

13. That, at all times hereinafter mentioned, Defendant BIGBEAR TRUCKING CORP. engages in a persistent course of conduct from goods used or consumed or services rendered in the State of New York.

14. That, at all times hereinafter mentioned, Defendant BIGBEAR TRUCKING CORP. derives substantial revenue from goods used or consumed or services rendered in the State of New York.

15. That, at all times hereinafter mentioned, Defendant BIGBEAR TRUCKING CORP. derives substantial revenue from interstate and/or international commerce.

16. That, at all times hereinafter mentioned, Defendant BIGBEAR TRUCKING CORP. owned real property situated with the State of New York.

17. That, at all times hereinafter mentioned, Defendant BIGBEAR TRUCKING CORP. uses real property situated with the State of New York.

18. That, at all times hereinafter mentioned, Defendant BIGBEAR TRUCKING CORP. possesses real property situated with the State of New York.

19. That, on November 6, 2020, a person named XIN WEN was an agent of Defendant BIGBEAR TRUCKING CORP.

20. That, at all times hereinafter mentioned, a person named XIN WEN was an employee of Defendant BIGBEAR TRUCKING CORP.

21. That, at all times hereinafter mentioned, a person named XIN WEN was a servant of Defendant BIGBEAR TRUCKING CORP.

22. That, at all times hereinafter mentioned, a person named XIN WEN was acting on behalf of Defendant BIGBEAR TRUCKING CORP.

23. That, at all times hereinafter mentioned, a person named XIN WEN was a vehicle operator for Defendant BIGBEAR TRUCKING CORP.

24. That, at all times hereinafter mentioned, a person named XIN WEN was operating a motor vehicle owned by Defendant BIGBEAR TRUCKING CORP.

25. That, on or about November 6, 2020, Plaintiff was operating a certain forklift.

26. That, on or about the aforesaid date, Defendant BIGBEAR TRUCKING CORP. was the operator of a certain motor vehicle, bearing California License Plate Number 4SA3882.

27. That, on or about the aforesaid date, a person named XIN WEN was operating a certain motor vehicle, bearing California License Plate Number 4SA3882, on behalf of Defendant BIGBEAR TRUCKING CORP.

28. That, on or about the aforesaid date, a person named XIN WEN was operating a certain motor vehicle, bearing California License Plate Number 4SA3882, during the course and scope of his employment for Defendant BIGBEAR TRUCKING CORP.

29. That, on or about the aforesaid date, Defendant BIGBEAR TRUCKING CORP. was the owner of a certain motor vehicle, bearing California License Plate Number 4SA3882.

30. That, on or about the aforesaid date, Defendant BIGBEAR TRUCKING CORP. was the lessor of a certain motor vehicle, bearing California License Plate Number 4SA3882.

31. That, on or about the aforesaid date, Defendant BIGBEAR TRUCKING CORP. was the lessee of a certain motor vehicle, bearing California License Plate Number 4SA3882.

32. That, on or about the aforesaid date, Defendant BIGBEAR TRUCKING CORP. was the registrant of a certain motor vehicle, bearing California License Plate Number 4SA3882.

33. That, on or about the aforesaid date, Defendant BIGBEAR TRUCKING CORP. maintained the aforesaid motor vehicle, bearing California License Plate Number 4SA3882.

34. That, on or about the aforesaid date, Defendant BIGBEAR TRUCKING CORP. controlled the aforesaid motor vehicle, bearing California License Plate Number 4SA3882.

35. That, at all times hereinafter mentioned, Defendant BIGBEAR TRUCKING CORP. was operating the aforesaid motor vehicle, bearing California License Plate Number 4SA3882, with the actual and/or implied consent and/or permission of its owner and/or its owner's agents, employees and/or servants.

36. That, at all times hereinafter mentioned, a person named XIN WEN was operating the aforesaid motor vehicle with the actual and/or implied consent and/or permission of Defendant BIGBEAR TRUCKING CORP.

37. That, on the aforesaid date, the aforesaid motor vehicle, bearing California License Plate Number 4SA3882, was being operated at or near 100 Sweetwater Lane, Edison, New Jersey.

38. That, on November 6, 2020, at approximately 8:30AM, while at or near 100 Sweetwater Lane, Edison, New Jersey, the aforesaid motor vehicle, bearing California License Plate Number 4SA3882, came into contact with Plaintiff.

39. That, on November 6, 2020, at approximately 8:30AM, while at or near 100 Sweetwater Lane, Edison, New Jersey, the aforesaid motor vehicle, bearing California License Plate Number 4SA3882, came into contact with Plaintiff's forklift.

40. That, on November 6, 2020, at approximately 8:30AM, while at or near 100 Sweetwater Lane, Edison, New Jersey, the aforesaid motor vehicle, bearing California License Plate Number 4SA3882, caused a motor vehicle accident with Plaintiff.

41. That, on November 6, 2020, at approximately 8:30AM, while at or near 100 Sweetwater Lane, Edison, New Jersey, the aforesaid motor vehicle, bearing California License Plate Number 4SA3882, caused a motor vehicle accident with Plaintiff's forklift.

42. That, on November 6, 2020, at approximately 8:30AM, while at or near 100 Sweetwater Lane, Edison, New Jersey, the aforesaid motor vehicle, bearing California License Plate Number 4SA3882, struck Plaintiff.

43. That, on November 6, 2020, at approximately 8:30AM, while at or near 100 Sweetwater Lane, Edison, New Jersey, the aforesaid motor vehicle, bearing California License Plate Number 4SA3882, struck Plaintiff's forklift.

44. That, on November 6, 2020, at approximately 8:30AM, while at or near 100 Sweetwater Lane, Edison, New Jersey, the aforesaid motor vehicle, bearing California License Plate Number 4SA3882, caused Plaintiff's forklift to fall from a height.

45. That, on November 6, 2020, at approximately 8:30AM, while at or near 100 Sweetwater Lane, Edison, New Jersey, the aforesaid motor vehicle, bearing California License Plate Number 4SA3882, caused Plaintiff to fall from a height.

46. That, on or about the aforesaid date, Defendant BIGBEAR TRUCKING CORP. was the operator of a certain motor vehicle, bearing California License Plate Number XP69021.

47. That, on or about the aforesaid date, a person named XIN WEN was operating a certain motor vehicle, bearing California License Plate Number XP69021, on behalf of Defendant BIGBEAR TRUCKING CORP.

48. That, on or about the aforesaid date, a person named XIN WEN was operating a certain motor vehicle, bearing California License Plate Number XP69021, during the course and scope of his employment for Defendant BIGBEAR TRUCKING CORP.

49. That, on or about the aforesaid date, Defendant BIGBEAR TRUCKING CORP. was the owner of a certain motor vehicle, bearing California License Plate Number XP69021.

50. That, on or about the aforesaid date, Defendant BIGBEAR TRUCKING CORP. was the lessor of a certain motor vehicle, bearing California License Plate Number XP69021.

51. That, on or about the aforesaid date, Defendant BIGBEAR TRUCKING CORP. was the lessee of a certain motor vehicle, bearing California License Plate Number XP69021.

52. That, on or about the aforesaid date, Defendant BIGBEAR TRUCKING CORP. was the registrant of a certain motor vehicle, bearing California License Plate Number XP69021.

53. That, on or about the aforesaid date, Defendant BIGBEAR TRUCKING CORP. maintained the aforesaid motor vehicle, bearing California License Plate Number XP69021.

54. That, on or about the aforesaid date, Defendant BIGBEAR TRUCKING CORP. controlled the aforesaid motor vehicle, bearing California License Plate Number XP69021.

55. That, at all times hereinafter mentioned, Defendant BIGBEAR TRUCKING CORP. was operating the aforesaid motor vehicle, bearing California License Plate Number XP69021, with the actual and/or implied consent and/or permission of its owner and/or its owner's agents, employees and/or servants.

56. That, at all times hereinafter mentioned, a person named XIN WEN was operating the aforesaid motor vehicle with the actual and/or implied consent and/or permission of Defendant BIGBEAR TRUCKING CORP.

57. That, on the aforesaid date, the aforesaid motor vehicle, bearing California License Plate Number XP69021, was being operated at or near 100 Sweetwater Lane, Edison, New Jersey.

58. That, on November 6, 2020, at approximately 8:30AM, while at or near 100 Sweetwater Lane, Edison, New Jersey, the aforesaid motor vehicle, bearing California License Plate Number XP69021, came into contact with Plaintiff.

59. That, on November 6, 2020, at approximately 8:30AM, while at or near 100 Sweetwater Lane, Edison, New Jersey, the aforesaid motor vehicle, bearing California License Plate Number XP69021, came into contact with Plaintiff's forklift.

60. That, on November 6, 2020, at approximately 8:30AM, while at or near 100 Sweetwater Lane, Edison, New Jersey, the aforesaid motor vehicle, bearing California License Plate Number XP69021, caused a motor vehicle accident with Plaintiff.

61. That, on November 6, 2020, at approximately 8:30AM, while at or near 100 Sweetwater Lane, Edison, New Jersey, the aforesaid motor vehicle, bearing California License Plate Number XP69021, caused a motor vehicle accident with Plaintiff's forklift.

62. That, on November 6, 2020, at approximately 8:30AM, while at or near 100 Sweetwater Lane, Edison, New Jersey, the aforesaid motor vehicle, bearing California License Plate Number XP69021, struck Plaintiff.

63. That, on November 6, 2020, at approximately 8:30AM, while at or near 100 Sweetwater Lane, Edison, New Jersey, the aforesaid motor vehicle, bearing California License Plate Number XP69021, struck Plaintiff's forklift.

64. That, on November 6, 2020, at approximately 8:30AM, while at or near 100 Sweetwater Lane, Edison, New Jersey, the aforesaid motor vehicle, bearing California License Plate Number XP69021, caused Plaintiff's forklift to fall from a height.

65. That, on November 6, 2020, at approximately 8:30AM, while at or near 100 Sweetwater Lane, Edison, New Jersey, the aforesaid motor vehicle, bearing California License Plate Number XP69021, caused Plaintiff to fall from a height.

66. That, by reason of the foregoing, Plaintiff was seriously injured.

67. That as a result of the foregoing, Plaintiff suffered a serious injury.

68. That by reason thereof, Plaintiff is entitled to recover for non-economic loss and for such economic losses.

69. That by reason of the foregoing, Plaintiff was severely injured and damaged, rendered sick, sore, lame and disabled, sustained severe nervous shock and mental anguish, great physical pain and emotional upset, some of which injuries are permanent in nature and duration, and Plaintiff will be permanently caused to suffer pain, inconvenience and other effects of such injuries; Plaintiff incurred and in the future will necessarily incur further hospital and/or medical expenses in an effort to be cured of said injuries; and Plaintiff has suffered and/or in the future will necessarily suffer additional loss of time and earnings from employment; and Plaintiff will be unable to pursue the usual duties with the same degree of efficiency as prior to this accident, all to Plaintiff's great damage.

70. That by reason of the foregoing, Plaintiff has been damaged in an amount, which exceeds the monetary jurisdictional limits of any and all lower Courts which would otherwise have jurisdiction herein, in an amount to be determined upon the trial of this action.

71. That the aforesaid occurrence and the resulting injuries to Plaintiff were caused solely by reason of the carelessness, negligence, wanton and willful disregard on the part of Defendant BIGBEAR TRUCKING CORP., and without any negligence on the part of Plaintiff contributing thereto.

72. That Defendant BIGBEAR TRUCKING CORP. was reckless, careless and negligent in the ownership, operation, maintenance and control of the aforesaid motor vehicle; in operating the motor vehicle in an unsafe and improper manner; in failing to adhere to traffic control devices; in failing to comply with speed regulations; in failing to keep the vehicle under proper control; in failing to make proper use of brakes, horns and other devices; in failing to keep a proper lookout; in violating the applicable laws, rules and regulations; in failing to make adequate and timely use of the brakes; in failing to notice or signal of approach.

73. That Defendant BIGBEAR TRUCKING CORP. was otherwise reckless, careless and/or negligent.

74. That by reason of the foregoing, Plaintiff has been damaged in an amount, which exceeds the monetary jurisdictional limits of any and all lower Courts which would otherwise have jurisdiction herein, in an amount to be determined upon the trial of this action.

**WHEREFORE**, Plaintiff demands judgment against Defendant in an amount which exceeds the monetary jurisdictional limits of any and all lower Courts which would otherwise have jurisdiction herein, in an amount to be determined upon the trial of this action, together with the costs and disbursements of this action, and with interest from the date of this accident.

Dated: New York, New York
       January 19, 2021

Yours, etc.,

ROTH & KHALIFE, LLP,

By: _____
RONALD H. ROTH, ESQ.
*Attorney(s) for Plaintiff(s)*
14 Wall Street, Suite 1603
New York, New York 10005
Telephone: 212-608-3015
Facsimile: 212-208-2177

## ATTORNEY'S VERIFICATION

The undersigned, an attorney duly admitted to practice law in the Courts of the State of New York, affirms the following to be true, under the penalties of perjury:

That your affirmant is the attorney-of-record for Plaintiff(s) in the within action; your affirmant has read the foregoing **SUMMONS AND COMPLAINT** and knows the contents thereof; that the same is true to your affirmant's own knowledge, except as to the matters therein stated to be alleged upon information and belief, and that as to those matters, your affirmant believes those to be true; that the reason this verification is made by your affirmant and not by Plaintiff(s) is that Plaintiff(s) is/are currently outside of the county in which your Affirmant maintains his/her offices.

The grounds for your Affirmant's belief as to all matters not stated upon his/her knowledge are investigations which he/she has made or has caused to be made concerning the subject matter of this action, and statements of parties or witnesses herein.

Dated: New York, New York
January 19, 2021

Yours, etc.,

ROTH & KHALIFE, LLP,

By: _____
RONALD H. ROTH, ESQ.,
*Attorney(s) for Plaintiff(s)*
14 Wall Street, Suite 1603
New York, New York 10005
Telephone: 212-608-3015
Facsimile: 212-208-2177

Index No.: 701307/21

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

JINZHU LI,

                            *Plaintiff(s)*,

      -against-

BIGBEAR TRUCKING CORP.,

                            *Defendant(s)*.

## SUMMONS AND COMPLAINT

**ROTH & KHALIFE, LLP**
*Attorney(s) for Plaintiff(s)*
**14 Wall Street, Suite 1603
New York, New York 10005
(212) 608-3015**